CADY, Chief Justice
(concurring specially).
The majority opinion capably resolves the issue before the court, and I join it in full. I write separately to emphasize the importance of independently interpreting our Iowa Constitution.
As Iowans, we are deservingly proud of a long history of rejecting incursions upon the liberty of Iowans, particularly because we have so often arrived to the just result well ahead of the national curve. Yet, we cannot ignore that our history of robust protection of human rights owes in no small part to our authority within America’s federalist system to independently interpret our constitution. Similarly, we must not forget that the virtue of federalism lies not in the means of permitting state experimentation but in the ends of expanded liberty, equality, and human dignity. See State v. Baldon, 829 N.W.2d 785, 790-91 (Iowa 2013). A court that categorically ignores these distinctly human ends can only accomplish injustice. Thus, we have recognized that “[w]hen individuals invoke the Iowa Constitution’s guarantees of freedom and equality, courts are bound to interpret those guarantees.” Varnum v. Brien, 763 N.W.2d 862, 876 (Iowa 2009); cf. Robert F. Williams, Equality Guarantees in State Constitutional Law, 63 Tex. L.Rev. 1195, 1197 (1985) (“When faced with state constitutional equality claims, state courts should recognize their obligation to take these provisions seriously.”).
It goes without saying our decisions have not always been without their detractors. As we pointed out in State v. Lyle, also decided today, “[o]ur court history has been one that stands up to preserve and protect individual rights regardless of the consequences.” — N.W.2d -, -, 2014 WL 3537026 (Iowa 2014). Yet, history has repeatedly vindicated, and the people of Iowa have repeatedly embraced, the bold expansions of civil, constitutional, and human rights we have undertaken throughout the 175 years of our existence as a court. In other words, time has shown that those decisions, not unlike our recent parolee search cases, are unequivocally the law of this state.
Today’s decision is another step in the steady march towards the highest liberty and equality that is the birthright of all Iowans; it will not be the last.
Accordingly, I concur.